J-S40015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
v. :
:
:
GEORGE YACOB :
:
Appellant : No. 3531 EDA 2016

Appeal from the PCRA Order September 13, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0002832-1981

BEFORE:   OTT, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JUNE 28, 2017**

Appellant, George Yacob, appeals *pro se* from the September 13,

2016, order entered in the Court of Common Pleas of Bucks County

dismissing his serial petition filed under the Post-Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, on the basis it was untimely filed.

We affirm.

The relevant facts and procedural history underlying this appeal have

been aptly set forth by the PCRA court as follows:

> On July 1, 1981, James Redman was robbed, assaulted,
> and killed in Bensalem Township, Bucks County.  On July 10,
> 1981, Bensalem Township Police arrested Appellant and co-
> defendant Dennis Flanagan for the murder.  In support of the
> arrest, police relied on an affidavit of probable cause detailing

---

[*] Former Justice specially assigned to the Superior Court.

police interviews with individuals [to] whom both Appellant and Flanagan admitted to assaulting, robbing, and killing a man while describing circumstances closely resembling those surrounding Redman's death. According to the interviews, Appellant and Flanagan beat and stabbed Redman to death, buried his body, and stole his car and belongings after Redman made a romantic advance at Appellant. At the time of the killing, Appellant was over the age of 18 years old.

On November 30, 1981, following an extensive guilty plea colloquy, Appellant knowingly and voluntarily pled guilty to murder in the first degree, robbery, and criminal conspiracy. On that same date, [the trial court] imposed a life sentence for the murder charge and a 10-to-20 year concurrent sentence for the additional charges. Following sentencing, Appellant did not file a motion to withdraw his guilty plea or appeal the imposition of sentence. [Thus,] Appellant's judgment of sentence became final [thirty days later] on December 30, 1981. *See* 42 Pa.C.S.A. § 9545(b)(3).

Subsequently, Appellant filed numerous post-conviction petitions. On January 19, 1983, [Appellant] filed his first petition under the [predecessor to the PCRA,] the Post Conviction Hearing Act ("PCHA"). Therein, he sought the withdrawal of his guilty plea and cited ineffective assistance of counsel. Counsel was appointed, and an evidentiary hearing was held on May 3, 1983. [The PCHA court] denied relief in an order dated May 25, 1983, and [this Court] affirmed that decision.

Thereafter, Appellant filed a second PCHA petition on October 28, 1985, which essentially alleged the same issues. [The PCHA court] denied the petition without a hearing in an order dated April 26, 1986, and Appellant did not file an appeal.

Later, Appellant filed a third PCHA petition on August 13, 1986. At the hearing for the third petition, the [PCHA court] concluded that the basis for [the] petition was the same as the first and second petitions. As such, Appellant was allowed to appeal *nunc pro tunc* the order of April 26, 1986. On appeal, [this Court] affirmed the order.

In 1988, the PCHA was repealed, in part, and renamed the [PCRA]. Afterward, Appellant filed a fourth post-conviction petition under the PCRA, which again alleged ineffective assistance of counsel. On July 24, 1990, [the PCRA court] denied the petition without a hearing. In his fifth petition, Appellant argued that his appeal from the July 24, 1990, order

was somehow lost or misplaced. [The PCRA court] filed an opinion deeming the petition meritless on July 20, 1991. On October 3, 1991, [this Court] quashed Appellant's appeal.

Most recently, Appellant filed his sixth PCRA petition on March 21, 2016. Appellant's petition argued that his mandatory life sentence without parole was unconstitutional in light of decisions by the United States Supreme Court in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), and *Miller v. Alabama*, 132 S.Ct. 2455 (2012). In his petition, Appellant acknowledged that he was over the age of 18 years old at the time of James Redman's murder. On July 7, 2016, [the PCRA court] issued notice of intent to dismiss Appellant's petition pursuant to [Pa.R.Crim.P.] 907. The notice informed Appellant that [the PCRA court] intended to dismiss his petition as untimely because the *Montgomery* and *Miller* decisions were inapplicable to Appellant's case as [he was] an offender over the age of 18 years old.

On September 13, 2016, [the PCRA court] dismissed Appellant's petition as untimely[.] Appellant then filed a timely notice of appeal to [this Court] on October 7, 2016. [All Pa.R.A.P. 1925 requirements have been met.]

PCRA Court Opinion, filed 12/12/16, at 1-3 (citations to record and footnote omitted).

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall

- 3 -

be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)  the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the

date the claim first could have been presented." ***Commonwealth v. Walters***, 135 A.3d 589, 592 (Pa.Super. 2016) (citations omitted). ***See*** 42 Pa.C.S.A. § 9545(b)(2).

In the case before us, as the PCRA court aptly found, Appellant was sentenced on November 30, 1981, and he filed neither post-sentence motions nor a direct appeal. Accordingly, his judgment of sentence became final thirty days thereafter, on December 30, 1981, when the time period for filing a direct appeal to this Court expired. ***See*** Pa.R.A.P. 903(a) (providing an appeal to this Court shall be filed within thirty days after entry of the order from which the appeal is taken); 42 Pa.C.S.A. § 9545(b)(3) (setting forth when judgment of sentence becomes final). Thus, Appellant had until December 30, 1982, to file a timely PCRA petition; however, Appellant filed the instant petition on March 21, 2016, and therefore, it is patently untimely under the PCRA.[1] ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 753 A.2d 780 (2000).

Appellant attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(iii) relating to a new constitutional right that applies

---

[1] Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. ***See Commonwealth v. Alcorn***, 703 A.2d 1054, 1056–57 (Pa.Super. 1997). However, this is not Appellant's first PCRA petition, and the instant petition was not filed by January 16, 1997. Accordingly, Appellant is not entitled to the *proviso*'s benefit.

retroactively. Specifically, Appellant avers that his sentence is illegal under *Montgomery/Miller*.

Assuming, *arguendo*, Appellant met the initial sixty day threshold, we conclude the dictates of *Montgomery/Miller* are inapplicable to Appellant. In *Montgomery*, the High Court held that its ruling in *Miller* is to be given retroactive effect on collateral review. In *Miller*, the High Court held that sentencing a juvenile convicted of a homicide offense to mandatory life imprisonment without parole violates the Eighth Amendment's prohibition to cruel and unusual punishment. Accordingly, such sentences cannot be handed down unless a judge or jury first considers mitigating circumstances.

The *Miller* decision applies to only those defendants who were "under the age of 18 at the time of their crimes." *Miller*, 132 S.Ct. at 2460. Here, Appellant admits that he was nineteen years old when he committed the murder, and the PCRA court so determined, as well. *See* Appellant's Brief at 9; PCRA Court Opinion, filed 12/12/16, at 1 n.1. In this regard, the PCRA court noted that Appellant's birth date is March 15, 1962, and he committed the murder on July 1, 1981. *Id.* Therefore, we agree with the PCRA court that the holdings in *Montgomery/Miller* are not applicable to Appellant.

Appellant argues, nevertheless, that he may invoke *Montgomery/Miller* because he was a "technical juvenile," and he relies on theories regarding immature brain development to support his claim that he is eligible for relief. Thus, Appellant seeks an extension of

*Montgomery/Miller* to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the *Miller* holding. However, this Court has previously rejected such an argument. *See Commonwealth v. Furgess*, 149 A.3d 90 (Pa.Super. 2016) (holding the nineteen-year-old appellant was not entitled to relief under *Miller/Montgomery* on collateral review; rejecting argument that he should be considered a "technical juvenile").

In light of the aforementioned, we agree with the PCRA court that Appellant's instant PCRA petition is untimely, and he has failed to invoke successfully any of the timeliness exceptions. Accordingly, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2017